IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

REJUVI LABORATORY, INC.,

Debtor

Case No. 19-cv-08422-MMC
Bankruptcy Case No. 18-31069-DM

**ORDER DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL**

Re: Doc. No. 2

Before the Court is appellant Rejuvi Laboratory, Inc.'s ("Rejuvi") "Motion for Leave to Appeal," filed in the bankruptcy court on December 23, 2019, and transmitted to the district court on December 24, 2019.[1] Having read and considered the motion,[2] the Court rules as follows.

On September 27, 2018, Rejuvi filed a petition for bankruptcy. On January 9, 2019, Maria Corso ("Corso") filed a Proof of Claim in the amount of $1,242,240, and stated the basis for the claim was a "Personal Injury Judgment in Australia." (See Bankr. Case No. 18-31069, Doc. 57 Part 2.) In response, Rejuvi filed an Objection, in which it acknowledged an Australian court had entered a default judgment against it, but asserted Corso's claim should be disallowed on the ground that, inter alia, "[t]he Australian court did not have personal jurisdiction over Rejuvi." (See Bankr. Case No. 18-31069, Doc. 57 Part 1.) Thereafter, on August 12, 2019, Rejuvi filed a "Brief Regarding Jurisdiction of Australian Court," whereby it requested an order disallowing Corso's claim on such

---

[1]The matter was reassigned to the undersigned on January 13, 2020.

[2]No response to the motion has been filed.

1    ground, and Corso filed opposition to such request.

2    On September 12, 2019, the bankruptcy judge conducted a hearing on Rejuvi's request for disallowance, and, on December 9, 2019, following additional briefing by the parties, issued an order finding the Australian court had personal jurisdiction over Rejuvi. In particular, the bankruptcy judge found Rejuvi had purposefully directed its activities toward Australia, that the claim Corso filed in Australia arose out of or related to those activities, and that the exercise of jurisdiction in Australia was reasonable.

The bankruptcy judge's order did not, however, find the claim should be allowed. Rather, the bankruptcy judge has set a January 23, 2020, status conference for purposes of determining how to resolve the outstanding issues presented by the claim and objection. (See Bankr. Case No. 18-31069, Doc. 159.) Consequently, the order finding the Australian court had personal jurisdiction over Rejuvi is interlocutory in nature.

By the instant motion, Rejuvi seeks leave to appeal that interlocutory order. Leave of court is required to appeal an interlocutory order of a bankruptcy court. See 28 U.S.C. § 158(a)(3).[3] Leave to appeal is appropriately granted where an interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See In re Bertain, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997); see also, e.g., Horowitz v. Sulla, 2017 WL 1352211, at *7 (D. Haw. April 11, 2017) (denying leave to appeal interlocutory order that did not involve "controlling issue of law").

Here, to the extent Rejuvi refers to any argument it seeks to raise on appeal, it states "the default judgment cannot be recognized by a United States court" because Rejuvi's "contacts with Australia are too attenuated to confer personal jurisdiction in [an Australian] forum" (see Mot. at 2:12-14), and, in support of the instant motion, relies on

---

[3]The one exception to such rule is inapplicable here. See 28 U.S.C. § 158(a)(2) (allowing appeal without leave of court as to interlocutory orders issued pursuant to 11 U.S.C. § 1121(d).)

2

the declaration of its president, who discusses therein the nature of Rejuvi's operations and the types of contacts it has had with Australia. (See Cheng Decl., filed December 23, 2019.) Under such circumstances, it appears Rejuvi's position is that there are insufficient facts to support the findings made by the bankruptcy judge. A challenge to a judge's application of law to the facts presented, however, is not the type of challenge appropriate for interlocutory appeal. See Novatel Wireless Securities Litig., 2013 WL 12247558, at 2 (November 19, 2013) (observing interlocutory appeals are reserved for "pure, controlling issues of law," not challenges to "the application of law to a particular set of facts"). Indeed, Rejuvi has not shown the order it seeks to appeal involves a controlling issue of law, much less that any such issue is one as to which there is substantial ground for difference of opinion.

Consequently, even assuming an immediate appeal at this time may materially advance the resolution of Corso's claim,[4] Rejuvi has failed to show leave to appeal at this time is appropriate.

Accordingly, the motion for leave to appeal is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 15, 2020

MAXINE M. CHESNEY
United States District Judge

---

[4] Rejuvi states "the issue of personal jurisdiction is the dominant issue with respect to the allowance or disallowance of Corso's claim." (See Mot. at 5:17-18.)

3